record before us, we must accept as true the finding relative to the waiver. In the respects indicated, therefore, we think that the order was justified and should be affirmed. The order was erroneous, however, in so far as it struck out the award of costs to the plaintiff as against the Carey Printing Company. In an equitable action the costs are within the discretion of the trial court, and, when that court has once exercised its discretion by awarding costs, it cannot afterwards amend its decision and judgment by withholding them. Kiernan v. Agricultural Ins. Co., 3 App. Div. 26, 37 N. Y. Supp. 1070.

The order appealed from must therefore be reversed in so far as it amends the decision and judgment by striking out the award of costs to plaintiff, and otherwise affirmed, without costs in this court to either party.

INGRAHAM and LAUGHLIN, JJ., concur. McLAUGHLIN and CLARKE, JJ., dissent.

---

GALVIN v. PETERSEN.

(Supreme Court, Appellate Term. June 25, 1909.)

1. REFERENCE (§ 8*)—COMPULSORY REFERENCE—INVOLVED ACCOUNTS.
    Where defendant sold plaintiff's assignor shares of stock in a company, warranting the assets and liabilities to be of certain amounts, and agreeing if the assets were less than the amount warranted to pay the deficiency and if the liabilities were more to pay the excess, and plaintiff sued, alleging an excess of liabilities and deficiency of assets, and it appeared from defendant's bill of particulars that 110 persons were indebted to the company and 61 persons were its creditors, and it also appeared that the relative liabilities depended upon the net differences between the amounts actually collected on the outstandings and liabilities, so that it would be not only necessary to examine into the correctness of the several accounts as they appeared upon books of secondary entry, but also the original entries, it was proper to order a compulsory reference.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

2. REFERENCE (§ 10*)—SEPARATE ISSUES.
    An allegation in the answer that defendant had paid plaintiff's assignor $300, accepted in full satisfaction of all damages, did not present an issue to be disposed of first and separately, where it appeared from the same agreement that the $300 was merely a part of the transaction upon which the account depended, and not a payment.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 25; Dec. Dig. § 10.*]

Appeal from City Court of New York, Special Term.

Action by John F. Galvin against Henry A. Petersen. From an order referring the issues, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Jerome Steiner, for appellant.
Lachman & Goldsmith, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MacLEAN, J.   It appears from the pleadings and on the statements of the appellant's brief that the defendant sold the plaintiff's assignor, on April 17, 1907, certain shares of the Bowers Metal Stamping Company, warranting that the assets amounted to $4,082.06 and the liabilities were $5,842.80, and agreed that in case the assets were less than the warranted amount he should pay the deficiency, and also warranted that if the liabilities were greater he would pay the excess.   The plaintiff alleges that the assets were less and the liabilities greater, and claims for the deficiency in the one and the excess in the other.

It appears from the accounts enumerated in the defendant's bill of particulars that 110 persons were indebted to the company and that 61 persons were creditors of it.   It will be necessary, therefore, not merely to compute the summaries of amounts, but also to examine into the correctness of the several accounts.   Moreover, it is said in an exhibit, attached to the defendant's affidavit as the memorandum between the parties, that the relative liabilities depend upon the net difference between the amounts actually collected on the outstandings and the liabilities, which confirms the view that, not only the accounts as they may appear upon a book or books of secondary entry, but also the original entries, will needs be investigated.   It is difficult to reconcile even the later cases upon compulsory references.   The controversy herein exhibited, however, involving data so numerous that no contemporary save the blind Senator would be expected to carry them in mind, seems to be really within the principles not condemned in any of them.

The allegation in the answer that on or about the 17th day of April, 1907, the defendant paid the assignor the sum of $300, which was accepted in full satisfaction and discharge of all damages, hardly presents an issue to be disposed of first and separately, for from a phrase in the same agreement it looks as if this $300 were merely a part of the transaction upon which the account depends, and not a payment.

Order affirmed, with $10 costs and disbursements.   All concur.